James D. Johnson *v.* United Society of Shakers.

**Infants—Confirmation of Contract.**

Where an infant after becoming of age does such act of affirmance of a deed made during minority, as surrendering a bond, when taken in connection with his failure for 32 years to give notice of disaffirmance, it amounts to a confirmance so as to prevent him from avoiding the contract.

**Adverse Possession—Under Conveyance from Infant.**

Where defendant acquired the conveyance of land by plaintiff while plaintiff was an infant, defendant's uninterrupted possession of the land for more than 20 years before institution of suit by plaintiff to recover the land gives the defendant a good title thereto.

APPEAL FROM LOGAN CIRCUIT COURT.

December 22, 1872.

OPINION BY JUDGE PETERS:

This suit was instituted on the 8th day of Mal, 1868, by appellant against appellees, and in his petition he alleged that his grandfather David Johnson died many years previous thereto intestate, possessed of valuable lands, and numerous slaves, leaving two daughters, Elizabeth and Sarah, his only heirs. That before his death his daughter Elizabeth had married B. C. Johnson, that she survived her father but a short time, leaving appellant her only child, then an infant, and her said husband surviving her, and that he, upon the death of his mother, inherited the land which descended to her on the death of her father subject to the life estate of his father, to which he was entitled as tenant by the curtesy; and his father, then 85 years of age, was still living, though much enfeebled by disease.

That appellees were, at the institution of this suit, in possession of the land, without right, which had thus descended to them, and were then committing waste on the land by cutting and carrying away timber which was of great value, and otherwise greatly damaging the inheritance; and he also alleged that appellees, as he was informed, claimed a moiety of the land owned by said intestate at his death by purchase from his daughter Sarah, and appellant

prayed for a partition of said lands, asserting his right to one-half thereof at the termination of his father's estate for life therein, and for an order restraining appellees from further commission of waste and for general relief.

Appellees by their trustee answered and admitted the derivation of title to the land claimed by appellant as set forth in his petition. But they allege that appellant and his father, B. C. Johnson, many years before the institution of the suit, sold and conveyed all their estate in said lands to them; that said B. C. Johnson in the year 1818 filed his petition in the Logan circuit court, the county in which the intestate was domiciled at his death, and where the greater part of said lands were located, for a division of the real and personal estate of said intestate, between appellant and Sarah, his surviving daughter; appellant then being, as alleged in the petition, three years of age, which would make him of or about the age of 53 years then; that by the decree of said court certain gentlemen named, being three in number, were appointed commissioners to partition the lands and divide the slaves and personal estate between appellant and Sarah Johnson; that they performed the duties assigned them under said decree, and made their report, which was filed and approved, and that said B. C. Johnson, for appellant, took possession of all the land allotted to him by said commissioners, consisting of 100 acres in the county of Warren, and the residue in Logan county, being part of the home farm; and that Thomas A. Young, with whom Sarah Johnson had intermarried, took possession of the land allotted to his wife for her, all of which they allege will fully appear by a copy of said proceedings in chancery, which they file as an exhibit.

They allege that on the 23d of December, 1825, said B. C. Johnson sold the portion of land in Logan county, assigned to appellant, to said Thomas A. Young, for a valuable consideration, and executed to him a bond binding himself to convey all his interest in said land, and to cause appellant, his son, to convey his estate therein when he arrived at full age by deed with general warranty; that Young on the 3d of February, 1826, assigned said title bond, for a valuable consideration, to Geo. Rankin and John McComb, trustees for appellees, and a copy of the bond with the assignment is made an exhibit; that said contract of said B. C. Johnson was ratified by said appellant, after he arrived at 21 years of age, and on the

6th of May, 1836, in execution thereof he conveyed the land embraced in said bond to Geo. Rankin and Eli McLean, trustees for, and to hold to the use of appellees, which deed they file as part of their answer; the recitals of which as they allege, show that appellant thoroughly understood the nature of the contract, and the consideration for said conveyance, and that he labored under no disability; that one hundred acres of land situate in Warren county and which were allotted to appellant out of his grandfather's estate as aforesaid, were by said B. C. Johnson sold to one Joseph Covington, of which sale appellant was fully apprised, and for the purpose of carrying into execution the sale so made by his father to Covington, on the 27th of June, 1838, appellant conveyed said 100 acres of land to said vendee, and a copy of that deed is filed as an exhibit, By which acts they allege appellant has effectually ratified and confirmed the partition of the real and personal estate of his grandfather, made under the proceedings and judgment of the court aforesaid; that he has acquiesced in said partition and sales for more than thirty years since he arrived at twenty-one years of age, and they plead and rely upon lapse of time, and their adverse holding as a bar to appellant's claim to relief.

They further allege that by said partition, Sarah H. Johnson's part was more valuable than appellant's and the difference she was adjudged to pay in money, which she did pay, and afterwards having married said Thomas A. Young, she joined her husband in a conveyance of the land allotted to her as aforesaid to appellees for a valuable consideration. At the date of that conveyance she was a minor and on the 11th of September, 1833, after the death of her said husband, and while she was a feme sole, she in consideration of three thousand six hundred and fifty dollars again conveyed the lands allotted to her in said partition to appellees, and her deed is filed as an exhibit.

It may be added that all the material allegations of the petition are controverted in the answer, and the title, under which appellees claim is set forth with an exhibition of their title papers, and an adverse and continuous holding for more than twenty years before the commencement of the suit pleaded as a bar to the relief sought.

At the November term, 1868, appellant filed an amended petition, in which he charges that appellees, by the cutting and destruc-

tion of forests of young, thrifty trees on the land, and other acts of waste injurious to the inheritance or estate in remainder, had forfeited the life estate, which they had acquired from his father, and prayed for partition and the immediate possession of the land. He alleges that the deed of May, 1836, conveyed only a small portion of the land claimed, and said deed should be deemed effectual to pass only that portion covered and embraced by it and the residue of the lands should be adjudged to him. But he denies that said deed is of any legal and binding force, because he says he was under 21 years of age when he executed it, and therefore incapable of making a valid deed. He alleges that he was taken by his father to the state of Missouri when he was of very tender years, to which state his father removed, and had resided there continuously ever since, and he was ignorant of his rights, and the nature, and extent of his estate in Kentucky, when he executed said deed, and remained in ignorance of those facts until a short time before he instituted this suit, and besides that he had executed said deed without any valid consideration, and was induced to do it by threats, and undue influence. He also asked for a rule against appellees to show cause why they should not be punished for contempt of court in violating the injunction awarded in the case.

In their answer to the amended petition, appellees deny that they had in any way disregarded the injunction in the case, and all intention to do so. They also deny that appellant was under twenty-one years of age in May, 1836, when he executed said deed, or that it was executed by him without consideration, and allege that he recites in said deed, that it was made to execute a contract entered into by his father, when appellant was an infant, that he should convey said land to his vendee, and that he also in said deed recites the fact that the lands which had discussed from his grandfather, had been that the lands which had descended from his grandfather, had been chased that part assigned to his aunt, as well as the part assigned to him, and in consideration of the sale and obligation made by his father as aforesaid, and of the consideration paid him, which was a full and fair price for the land at the time, he made the conveyance by said recitals in said deed he was estopped from claiming against it.

On the 19th of May, 1869, appellees filed an amended answer, in which they allege that appellant had many years before the insti-

tution of this suit, conveyed to them all his interest in the lands of David Johnson lying south of the Russellville road, and that they have title to, and claim all the land north of said road in Logan county adverse to all the world, and have so claimed for nearly forty years, and filed with their amended answer various title papers as exhibits.

The substance of the pleadings is contained in the foregoing statement, and on the hearing the court below dismissed appellant's petition, which judgment he now seeks to reverse.

That appellant made a deed to appellees for the land in controversy on the 6th of May, 1836, he does not controvert, but he alleges that he then labored under the disability of infancy and nothing passed by said deed.

Thirty-two years elapsed from the execution of that deed before this suit was instituted, during all which time appellant acquiesced, and never asserted any claim to the land, nor disputed the validity of said deed.

If it be conceded that appellant was a few days under 21 years of age when he executed the deed, still the act was not void; but only a voidable act which he could upon arriving at full age have perfected by act in pais without deed—and a very slight acknowledgment after full age is sufficient to determine the election to ratify, or avoid an act done in infancy. *Phillips v. Green,* 5 Mon. 344. And in *Deason, etc., v. Boyd & O'Hara,* 1 Dana 45, this court said that slight acts and circumstances are sufficient to confirm the voidable acts of an infant after he comes of age. It has even been held that he is bound to give notice of disaffirmance within reasonable time after coming of full age. However this may be, we entertain no doubt that, where he has done such an act of affirmance as selling the bond in this case, when taken in connection with his failure for so long to notify a disaffirmance, amounts to such confirmation as precludes him from avoiding his contract.

The deed from appellant to appellees was made thirty-two years before this suit was instituted; and during that long period he permitted the grantees to occupy and improve the land without complaint or claim to it, from anything that appears in this record. They surrendered the bond of his father binding him to procure the conveyance of appellant when he arrived at full age, and thereby deprived them of the means of compelling his father to comply with his contract, or make reparation for a failure to do so.

It would seem that an acquiescence for so many years, in the act, whereby important rights to appellees have been lost, should be held sufficient to preclude appellant from repudiating his deed. But there is another aspect in which the question is to be considered.

Appellees had long before the execution of the deed to them by appellant, acquired the life estate of B. C. Johnson in the land, and when they obtained the conveyance from appellant, they no longer looked to him or any one else for the consummation of their right, and may with propriety be regarded as holding adverse to him as well as to the rest of the world, and had the same right to controvert the title of appellant as of any other person.

The contract was executed and the possession of appellees was adverse to all the world, and having held that possession uninterruptedly for more than twenty years before the institution of this suit, appellant's right was lost. *Voorhies v. White's Heirs,* 2 A. K. Marshall 27; *Lyne, etc., v. Bank of Kentucky,* 5 J. J. Marshall 571.

The evidence fails to establish the charge that the execution of the deed was procured by undue influence exercised by B. C. Johnson or any one else, or by fraud.

Wherefore the judgment must be *affirmed.*

*B. C. Grider, W. P. D. Bush, W. Underwood, for appellant.*

*Rodes & Petrie, for appellees.*